THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TERRI GAMBLE AND JONATHAN GAMBLE,<br><br>Plaintiffs,<br>v.<br><br>BLAIR T. WARDLE, et. al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER REQUIRING PLAINTIFFS TO FILE AN AMENDED COMPLAINT<br><br>Case No. 1:23-cv-0082 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Pro se Plaintiffs Terri and Jonathan Gamble, proceeding *in forma pauperis*, filed this matter against the Snowville Town Council, Blair Wardle, and Kevin Christensen. For the reasons set forth herein, the court ORDERS the Gambles to file an amended complaint by June 21, 2024.

LEGAL STANDARDS

When the court authorizes a party to proceed in forma pauperis, such as in this matter, the court may dismiss the case if it determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] In considering whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] To avoid dismissal under Rule 12(b)(6), a complaint must allege "'enough facts to state a claim to relief

---

[1] 28 U.S.C. § 1915(e)(2)(B).

[2] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

that is plausible on its face.'"[3] The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[4] But the court need not accept the plaintiff's conclusory allegations as true.[5] "[A] plaintiff must offer specific factual allegations to support each claim."[6] A complaint is frivolous where "'it lacks an arguable basis either in law or in fact.'"[7]

## DISCUSSION

In their complaint, the Gambles allege jurisdiction is properly before the court under the "other" category and cite to "57-21-2.5 section 1." Plaintiffs go on to provide Defendant Snowville has implemented an ordinance regulation against 57-21-2.5, Defendant Blair Wardle took Plaintiffs to court based on an ordinance and regulation against this section, and Defendant Kevin Christensen allowed prosecution under this same section. While it is not precisely clear what code Plaintiffs are citing to, after considering the attachments to Plaintiff's Complaint, it appears Plaintiffs are referencing Utah Code Ann. § 57-21-2.5, supremacy over local regulations. This section "supersedes and preempts any ordinance, regulation, standard, or other legal action by a local government entity, a state entity, or the governing body of a political subdivision that relates to the prohibition of discrimination in housing." Utah Code Ann. § 57-21-2.5. The history

---

[3] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[4] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[7] *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

behind this statue provides that the bill "modifies the Utah Antidiscrimination Act and the Utah Fair Housing Act to address discrimination and religious freedoms."[8]

Attached to Plaintiffs' Complaint are documents pertaining to a case brought by Snowville City against Plaintiffs for "Nuisance On Property", to wit, "junk, trash, and debris." This matter was brought before Judge Kevin Christensen, a named defendant in this case. In essence, Plaintiffs claim they were allegedly harmed by this prosecution, have lost property, and experienced emotional and mental hardships.

While the court is sympathetic to Plaintiffs' plight, section 57-21-2.5 does not provide a basis for this court to have jurisdiction in this matter. "Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."[9] Plaintiffs' Complaint alleges jurisdiction is brought under "§ 57-21-2.5", yet this Utah Code Section does not provide a basis for Federal Jurisdiction. Plaintiffs' Complaint does not articulate any other basis for jurisdiction.

In addition, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[10] Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which

---

[8] 2015 Utah Senate Bill No. 296 Utah Sixty-First Legislature - 2015 General Session, 2015 Utah Senate Bill No. 296 Utah Sixty-First Legislature - 2015 General Session.

[9] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir.2012) (quotation omitted).

[10] *TV Commc'ns Network, Inc. v ESPN, Inc*., 767 F. Supp. 1062, 1069 (D. Colo. 1991).

relief can be granted."[11] Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant."[12] Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[13]

The court has reviewed Plaintiffs' Complaint under the liberal standards afforded it due to Plaintiffs' pro se status. Even under this standard, Plaintiffs' Complaint fails to meet the requirements of Rule 8.

In sum, this court does not function as an appellate court to a local ordinance regarding an alleged nuisance on property in violation of a municipal code. As such, Plaintiffs are given until June 21, 2024, to file an Amended Complaint that complies with the Federal Rules and affords this court jurisdiction. Failure to do so will result in dismissal of this matter.

IT IS SO ORDERED.

DATED this 30 May 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

[13] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).