THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Terri Gamble & Jonhathan Gamble,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br><br>Blair T. Wardle, et al.,<br><br>　　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:23-cv-00082-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiffs Terri and Jonhathan Gamble, who are proceeding without an attorney and in forma pauperis under 28 U.S.C. § 1915 (IFP Stattue), bring this matter against Blair Wardle, Kevin Christensen, and the Snowville Township.[1] The court previously screened Plaintiffs' Complaint under § 1915(e), found it to be deficient, and ordered Plaintiffs to file an amended complaint.[2] Plaintiffs complied with the court's order and filed an Amended Complaint as well as documents consisting of "more evidence."[3] As set forth herein, Plaintiffs' Amended Complaint still fails to state a claim upon which relief may be granted and therefore is dismissed.

## BACKGROUND

Based on Plaintiffs' Amended Complaint, this matter arises from the Mayor of Snowville, Utah bringing over "papers stating [Plaintiffs] had a nuisance on [their] property."[4] Plaintiffs worked on cleaning up their property over the next three months but were informed it was still not in compliance. A series of unfortunate events arose from Plaintiffs being informed

---

[1] The court granted Plaintiffs' Motion to Proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on July 19, 2023. ECF No. 5.

[2] Memorandum Decision and Order Requiring Plaintiffs to File an Amended Complaint, ECF No. 11.

[3] ECF No. 14, ECF No. 15.

[4] Amended Complaint at 8.

they had a nuisance on their property. This included vehicle problems, mental and physical stress, Plaintiffs' family being torn apart, a right ACL tear, surgery, and having to now use a walker.[5] In consequence of these events, Plaintiffs seek "20 million dollars"[6] for property damage, medical care, and for mental and physical anguish.

Plaintiffs bring these claims against Kevin Christensen who was a justice court judge for Box Elder County, the Snowville Township, and Blair Wardle who was the prosecuting attorney. Each of these Defendants were involved in the nuisance determination issued to Plaintiffs. Attached to Plaintiffs' original Complaint are documents pertaining to the case brought by Snowville City against Plaintiffs for "Nuisance On Property", to wit, "junk, trash, and debris." This matter was brought before Judge Kevin Christensen and prosecuted by Blair Wardle. In essence, Plaintiffs claim they were allegedly harmed by this prosecution, have lost property, and experienced emotional and mental hardships.

## LEGAL STANDARDS

When the court authorizes a party to proceed in forma pauperis, such as in this matter, the court may dismiss the case if it determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[7] In considering whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[8] To avoid dismissal under Rule 12(b)(6), a complaint must allege "'enough facts to state a claim to relief

---

[5] *Id.* at 7-8.

[6] *Id.* at 5.

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

that is plausible on its face.'"[9] The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[10] But the court need not accept the plaintiff's conclusory allegations as true.[11] "[A] plaintiff must offer specific factual allegations to support each claim."[12] A complaint is frivolous where "'it lacks an arguable basis either in law or in fact.'"[13]

## DISCUSSION

Plaintiffs Amended Complaint fails for many reasons. Therefore, it is dismissed. First, the court lacks jurisdiction over claims related to state court cases under the *Rooker-Feldman* doctrine (if a judgment has been entered) or the *Younger* abstention doctrine (if the cases are ongoing). Under the Rooker-Feldman doctrine, "federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments."[14] Thus, "[t]he losing party in a state court proceeding is generally barred from seeking what in substance would be appellate review of the state [] judgment in a United States district court."[15] Accordingly, the court lacks jurisdiction over Plaintiffs' claims to the extent they seek to challenge the justice court proceedings and determination of a nuisance. The state appellate process is the proper forum for Plaintiffs to raise procedural or constitutional challenges to the state-court proceedings and to request review of any judgments or orders in those proceedings.

---

[9] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[10] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[13] *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[14] *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1982); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)).

[15] *Id.*

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[16]

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[17]

Here it is not clear whether there is an ongoing state proceeding, but to the extent there is, this court is barred from intervening. Plaintiffs present no evidence that the state courts fail to provide an adequate forum, and Snowville and the State of Utah have important interests in nuisance or zoning issues. Thus, whether the state court proceedings Plaintiff seeks to challenge are ongoing or completed, this court lack jurisdiction over any challenge to those proceedings.

Next, a "prosecutor enjoys absolute immunity from suit under 42 U.S.C. § 1983 when acting within his or her jurisdictional scope."[18] Nothing before the court indicates the prosecutor here, Blair Wardle, was not acting within his jurisdictional scope. Moreover, there is nothing offered by Plaintiffs demonstrating some type of wrongful, improper, or unlawful act by Wardle that might possibly remove prosecutorial immunity. "A prosecutor acts within the prosecutorial function anytime he or she is involved in the judicial process, i.e., presenting the state's case."[19] That is exactly what happened here based on the record. Thus, Wardle is immune from suit.

---

[16] *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted).

[17] *Id.* (internal quotation marks omitted).

[18] *Summers v. Sjogren*, 667 F. Supp. 1432, 1434 (D. Utah 1987); *see also Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1975) (state prosecuting attorney's use of perjured testimony does not give rise to suit under § 1983 because of immunity).

[19] *Id.* at 1434.

A similar outcome is mandated for Judge Kevin Christensen who presided over the nuisance proceedings. A judge is generally immune from suit for money damages or under § 1983 provided the judge has not acted in clear absence of all jurisdiction.[20] No evidence before the court indicates judicial immunity should not apply in this instance.

Finally, "In order to state a Section 1983 municipal liability claim, a plaintiff must allege sufficient facts to demonstrate that it is plausible (1) that the municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation."[21] A municipality cannot be held liable for a violation of civil rights solely because some employee is a tort-feasor.[22] The court finds Plaintiffs have not alleged facts sufficient to demonstrate any constitutional violation by Snowville or its employees.[23]

---

[20] *See Vasquez v. Arnold*, 48 F.3d 1233, 1995 WL 91148, at *1 (10th Cir. 1995) (collecting cases); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (judge generally immune from suit for money damages); *Stump v. Sparkman*, 435 U.S. 349, 356-360 (1978) (judge immune from suit under 1983 provided he has not acted in "clear absence of all jurisdiction"); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir.1994) (same)

[21] *McDonald v. Arapahoe Cty.*, No. 17-cv-01701, 2018 WL 571876, *5 (D. Colo. Jan. 26, 2018) (citing *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004)).

[22] *See Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 692 (1978).

[23] A municipal policy or custom can take the form of "(1) a formal regulation or policy statement; (2) an informal custom amoun[ting] to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." *McDonald*, 2018 WL 571876, at *5 (quoting *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (citations modified)).

## CONCLUSION AND ORDER

For the reasons set forth the court finds Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted. Further opportunities to amend would be futile. Accordingly, this case is dismissed.

IT IS SO ORDERED.

DATED this 10 September 2025.

_____
Dustin B. Pead
United States Magistrate Judge